77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John G. ZAJICEK, Plaintiff-Appellant,
v.
John AABY, individually as the City Engineer and as the
Enterprise Zone Administrator for the City of
Freeport, Illinois and the City of
Freeport, Illinois,
Defendants-Appellees.
 No. 95-2130.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 3, 1995.
Decided Feb. 2, 1996.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John Zajicek appeals the district court's dismissal of his constitutional challenge to the ordinance creating an enterprise zone for the city of Freeport, Illinois. Among other things, the ordinance provides tax breaks to those who undertake qualified property development within a designated area. Property development qualifies for these tax breaks if it requires a building permit. In the district court, Zajicek alleged that this condition for the receipt of tax benefits violated the Equal Protection Clause of the Fourteenth Amendment. Upon a motion by the defendants, the district court dismissed Zajicek's claim because his complaint did not allege facts that would be sufficient to sustain his claim. We affirm.
 
 
 2
 Zajicek owns a mobile home park within Freeport's enterprise zone, and he wants to expand that park and receive the tax benefits that the enterprise zone ordinance provides. Expanding the park principally involves paving the grounds for roads and parking lots and for the slabs on which mobile homes rest. According to Freeport's building codes, paving does not require a building permit. When Zajicek sought to expand his park, he asked John Aaby, the city engineer, for a building permit so that he could receive the benefits of the enterprise zone law. Aaby reminded him that the construction involved in expanding his park did not require a building permit and declined to issue one. In fact, Aaby even refused Zajicek's request for an application for a building permit. On later occasions, Zajicek repeated his requests for a building permit but was again denied.
 
 
 3
 Zajicek responded to these rebuffs by bringing a suit under 28 U.S.C. § 1983 and the Equal Protection Clause. His complaint turned on two allegations: that he was situated similarly to other property developers who received building permits and tax breaks for their construction in the enterprise zone, and that the ordinance had no rational basis for classifying property developers by their need for a building permit. Therefore, he asked the district court to order Aaby and the city to give him the tax benefits described in the enterprise zone ordinance and to pay him damages for the value of the tax breaks previously denied. The district court dismissed the suit because it concluded that, even after its amendment, the complaint did not point to any set of facts that could show that Zajicek was situated similarly to the beneficiaries of the tax breaks or that the ordinance did not have a rational basis.
 
 
 4
 Zajicek's appeal depends on the argument that the district court's ruling has raised the pleading standards imposed by Fed.R.Civ.P. 8(a). He correctly points out that his complaint will be sufficient if it alleges facts tending to show the two crucial elements of a claim under the Equal Protection Clause: that the developers of mobile home parks are situated similarly to other property developers and that the City has no reason to distinguish between the two groups of developers in its distribution of tax benefits. As he sees it, his complaint meets this standard by simply asserting the similar situation of mobile home park developers and other developers and the irrationality of the ordinance. Zajicek believes that these facts relevant to these assertions are obvious and need not be spelled out under the liberal pleading rules governing federal procedure. He also contends that the district court could have decided to dismiss only if it concluded that he was not similarly situated to other developers; and he maintains that the district court could have reached this conclusion only by assuming facts not in the record--that mobile home parks required different building materials than other kinds of construction.
 
 
 5
 Zajicek's arguments are without merit because he misunderstands the ground of the district court's ruling. His complaint depends entirely upon two conclusory allegations: that he was similarly situated to the beneficiaries of the ordinance and that the ordinance has no rational basis. Zajicek's argument assumes that the district court dismissed his complaint because it found the first allegation insufficient. This is simply incorrect. Although the district court did note that the allegation was not specific enough, it did not rely on this point, but instead assumed that he had adequately alleged the similarity of his situation. The district court dismissed his complaint because it concluded that his conclusory allegation of irrationality was insufficient.
 
 
 6
 As the district court noted, this court has previously held that a plaintiff who alleges the irrationality of legislation in an equal protection claim cannot survive a motion to dismiss by making conclusory allegations of irrationality in his complaint. Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir.1992). Even under notice pleading's relaxed regime, complaints that challenge the rationality of legislation assume a heavy burden; they must overcome the presumption of rationality that attaches to all legislation. Id. Therefore, complaints like Zajicek's must point to some fact that, if proven, would suggest irrationality. Id. Of course, Zajicek need not plead evidence, but he should furnish notice of the facts relevant to his complaint and of the direction in which the evidence will lie. As described by Zajicek in his complaint, the ordinance indicated that Freeport had conceivable reasons for distinguishing between types of builders; Freeport could have concluded that the construction that required a building permit would more effectively promote economic development. Given these apparent reasons, Zajicek would have had to allege some facts that were relevant to a showing that mobile home park construction was at least as economically efficacious as other construction. See id. Even after its amendment, however, his complaint gave no indication of the kinds of facts that would be relevant to his case at trial. Under Wroblewski, this kind of deficiency is fatal to a complaint under the Equal Protection Clause, and the district court properly dismissed his complaint.
 
 
 7
 For these reasons, the judgment of the district court is AFFIRMED.